UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20924-CIV-MORENO

JESSICA BOTERO, RUTH CRESPO-CALERO,
and ANNA-KAY JAMES,

 Plaintiffs,

vs.

SOUTH FLORIDA PAIN & REHABILITATION
CENTER CORP., INC., and PREMIER PAIN
CARE, P.L.,

 Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction **(D.E. No. 14)**, filed on **April 25, 2012**. Plaintiffs Jessica Botero, Ruth Crespo-Calero, and Anna-Kay James brought suit against Defendants South Florida Pain & Rehabilitation Center Corp., Inc. and Premier Pain Care, P.L. for violations of the Fair Labor Standards Act. In response, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, claiming that Plaintiffs have not offered sufficient factual support in their complaint to demonstrate a plausible application of the Act. Without considering any supplementary materials attached to the motion, this Court agrees that the Plaintiffs' complaint lacks an adequate factual basis. Consequently, the Court grants the Defendants' motion to dismiss without prejudice and with leave for Plaintiffs to file an amended complaint no later than **July 13, 2012**.

## I. FACTUAL BACKGROUND

Plaintiffs Botero, Crespo-Calero, and James allege that their putative employers, South Florida Pain & Rehabilitation Center and Premier Pain Care, denied them overtime compensation for workweeks longer than forty hours. They contend that this denial was willful and purposeful on the part of the Defendants, and was consequently unlawful under the Act.

## II. LEGAL STANDARD

Though a court traditionally assesses a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the analysis differs in the context of the Fair Labor Standards Act. Because the substantive sections of the Act are "intertwined with and dependent on the section of [the Act] that defines [its] scope," a jurisdictional challenge will therefore also implicate the substantive merits of the claim. *See Turcios v. Delicias Hispanas Corp.*, 275 Fed. App'x 879, 882 (11th Cir. 2008). For this reason, "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). This in turn forces the defendant to proceed under Rule 12(b)(6) when filing a motion to dismiss. *See id.*

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Id.* In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v.*

*U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

Defendants seek to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under the Act. Yet they have attached a number of documents to the motion that they admit are beyond the four corners of the complaint. Though Defendants acknowledge that consideration of such supplementary materials would generally require the Court to convert the motion to dismiss into a motion for summary judgment, they argue that an exception applies for undisputed documents that are central to the plaintiff's claim. However, the Court does not need to reach that issue.

Even without acknowledging any of the supplementary materials, the Court finds the lack of factual underpinning in the Plaintiffs' complaint to be fatal. The Plaintiffs have failed to provide any support for individual coverage under the Act beyond the conclusory statements that the Plaintiffs were "employee[s] as defined by 29 U.S.C. § 203(e)" and were thus "engaged in commerce or in the production of goods for commerce." Plaintiffs have not offered any rationale as to how they were engaged in commerce as employees to establish individual coverage against either Defendant.

The complaint similarly lacks a factual foundation for enterprise liability under the Act.

Rather, Plaintiffs rely on assertions that South Florida and Premier Pain Care are "enterprise[s] engaged in an industry affecting commerce, and [are] employer[s] as defined by 29 U.S.C. § 203(d) and (s)(1), which [have] employees subject to the provisions of the FLSA," without any further support. There is no mention in the complaint itself of the $500,000 revenue requirement, nor is there any indication of how the Defendants' employees are engaged in commerce. In sum, the complaint provides nothing more than a formulaic recitation of the statutory language that cannot survive a motion to dismiss. *See Twombly*, 550 U.S. at 555.

Therefore, the Court need not address whether any possible exception applies to the attachment of the additional documentation. The Defendants' challenges that lie within the four corners of the complaint alone are sufficient.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED without prejudice and with leave for Plaintiffs to file an amended complaint no later than **July 13, 2012**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record