UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20924-CIV-MORENO

JESSICA BOTERO, RUTH CRESPO-CALERO,
and ANNA-KAY JAMES,

    Plaintiffs,

vs.

SOUTH FLORIDA PAIN & REHABILITATION
CENTER CORP., INC., and PREMIER PAIN
CARE, P.L.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction, in the Alternative, Request to Convert Motion into Motion for Summary Judgment, with Incorporated Statement of Facts and Memorandum of Law (**D.E. No. 21**), filed on **July 13, 2012**. Plaintiffs Jessica Botero, Ruth Crespo-Calero, and Anna-Kay James brought suit against Defendants South Florida Pain & Rehabilitation Center Corp., Inc. and Premier Pain Care, P.L. for violations of the Fair Labor Standards Act ("FLSA"). In response to Plaintiffs' amended complaint, Defendants filed this motion to dismiss largely challenging this Court's subject matter jurisdiction over Plaintiffs' claims.

Because Defendants have attached to their motion documents that are not central to Plaintiffs' claims and that the Court would need to consider to reach a resolution, the Court converts the present motion to dismiss into a motion for summary judgment. However, as the parties have not had an opportunity to engage in sufficient discovery, the Court denies Defendants' motion for

summary judgment. The Court similarly denies Defendants' request to limit the scope of discovery to the matter of subject matter jurisdiction alone.

## I. FACTUAL BACKGROUND

Plaintiffs Botero, Crespo-Calero, and James allege that their employers, Defendants South Florida Pain & Rehabilitation Center and Premier Pain Care, denied them proper overtime compensation for workweeks longer than forty hours. They argue that this denial was willful and purposeful on the part of Defendants, and was consequently unlawful under the FLSA.

On June 28, this Court granted Defendants' motion to dismiss Plaintiffs' initial complaint for failing to provide sufficient factual allegations establishing jurisdiction under the FLSA. *See Botero v. S. Fla. Pain & Rehabilitation Ctr. Corp.*, No. 12-20924-CIV-MORENO, 2012 U.S. Dist. LEXIS 89997 (S.D. Fla. June 28, 2012). In that complaint, Plaintiffs asserted nothing more than recitations of the statutory language regarding individual and enterprise coverage. *See id.* at *4–5. The Court reached this conclusion without resort to any external documents that Defendants had attached to their motion to dismiss.

Plaintiffs filed an amended complaint on June 29 containing additional paragraphs that they argue address both individual and enterprise coverage under the FLSA. Defendants, in turn, filed a new motion to dismiss, or, in the alternative, a motion for summary judgment, that primarily disputes Plaintiffs' factual allegations concerning subject matter jurisdiction under the Act, though the motion also addresses issues of employment status and the statute of limitations.

## II. LEGAL STANDARD

Where an attack on subject matter jurisdiction challenges the "accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffer[s] materials of

evidentiary quality in support of [the challenge]," the attack is considered to be factual. *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). As a general rule, "when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56," and it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). However, matters are different when the factual attack also implicates an element of the underlying cause of action. In such a case, "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). The defendant is then "forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion." *Id.* (quoting *Williamson*, 645 F.2d at 415).

In the FLSA context, this Court has held that "the sections of the FLSA that provide the substantive relief . . . are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA." *Aguiar v. Westside Iron, LLC*, No. 1:11-cv-22537-KMM, 2012 U.S. Dist. LEXIS 3539, at *3 (S.D. Fla. Jan. 11, 2012) (quoting *Turcios v. Delicias Hispanas Corp.*, 275 Fed. App'x 879, 882 (11th Cir. 2008)). Thus, issues of individual or enterprise coverage under the FLSA are "intertwined with the merits of [a] FLSA claim." *Turcios*, 275 Fed. App'x at 882. Accordingly, Defendants' present dispute over enterprise and individual coverage implicates the merits of Plaintiffs' FLSA claims. Consequently, the Court shall treat Defendants' jurisdictional challenges as either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment. *See Lawrence*, 919 F.2d at 1529.

## III. DISCUSSION

*A. Status of Defendants' Motion to Dismiss*

To support their jurisdictional arguments, Defendants have attached four documents to their motion: (1) a corporate balance sheet to show that Premier Pain Care does not qualify for enterprise coverage under the FLSA because their gross revenue in 2011 was less than $500,000; (2) a sworn affidavit from Daniel Feder, the president of Premier Pain Care, denying enterprise and individual coverage over Premier Pain Care under the FLSA; (3) a sworn affidavit from Steven Kerman, South Florida's chief operating officer, denying enterprise and individual coverage under the FLSA, and denying that South Florida ever employed Plaintiffs; and (4) an annual report documenting Premier Pain's 2010 change in ownership.

Plaintiffs have objected to Defendants' use of the affidavits, arguing that the Court must either restrict itself to the four corners of the complaint in ruling on a motion to dismiss or convert the motion into a motion for summary judgment. In response, Defendants acknowledge that the attached documents lie outside the four corners of the complaint, but they maintain that the Court need not convert their motion to dismiss because the documents are central to Plaintiffs' claims and undisputed.

Normally, the choice between analyzing a motion under either Rule 12(b)(6) or Rule 56 "will depend on whether the district court considered matters outside the pleadings." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Accordingly, "the district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). However, the Eleventh Circuit has held that "a document

attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.*

Regarding centrality, courts have found attached documents to be "central" where they are at the very heart of the plaintiff's claim. In *Horsley*, which involved a defamation claim, the court deemed the news article that contained the statements at issue to be "central." *See id.* at 1135. The court in *Day* reached a similar conclusion where the defendants attached a standard form contract to their motion to dismiss price fixing allegations. In particular, because the plaintiffs had referred to the form contract in their complaint as "a necessary part of their effort to make out [their] claim," the court held that it did not need to convert the motion to dismiss into a motion for summary judgment. *See Day*, 400 F.3d at 1276. Additionally, this Court has held that the attachment of a sales contract in a breach of contract action did not require the Court to convert the motion to dismiss, even though defendants had offered the contract to argue that its forum-selection clause required dismissal. *See Gonzalez v. Watermark Realty Inc.*, No. 09-60265-CIV-MORENO, 2010 U.S. Dist. LEXIS 31039, at *7 (S.D. Fla. Mar. 30, 2010). Because the plaintiff had referred to the sales contract "throughout his [complaint]," the Court found that the centrality requirement had been met. *See id.*

In this case, the attached documents are not central to Plaintiffs' claims. Quite simply, Plaintiffs place no dependence on the existence of these documents in submitting their claims to the Court. In fact, the impossibility of making such a claim of dependence is apparent in regards to the sworn affidavits as these documents were created after initiation of this litigation to

specifically address the matter of jurisdiction. Nor do Plaintiffs make any reference to these documents anywhere in their complaint, explicitly or implicitly. As these documents do not lie at the heart of Plaintiffs' claims, any consideration of the attachments would require the Court to convert the motion to dismiss into one for summary judgment.

In light of Plaintiffs' amendments to their first complaint, resolution of Defendants' challenges is not possible on the face of Plaintiffs' complaint alone as it had been when the Court ruled on Defendants' first motion. A determination on the matter would therefore entail consideration of at least one of the documents. As a result, the Court shall treat Defendants' motion to dismiss as a motion for summary judgment.

### B. Disposition of Defendants' Motion for Summary Judgment

In anticipation of the possibility that this Court would convert the motion to dismiss into a motion for summary judgment, Defendants have requested sixty days for discovery limited to the issue of subject matter jurisdiction alone. Plaintiffs vehemently argue that a motion for summary judgment would be procedurally premature at this time when the parties have yet to engage in discovery. At the very least, they also request that the Court grant them a discovery period before ruling on the motion.

Regarding the propriety of summary judgment where the parties have yet to engage in discovery, "[t]he law in this circuit is clear: the party opposing a motion for summary judgment should be permitted 'an adequate opportunity to complete discovery prior to consideration of the motion.'" *Ferguson v. DeStefano*, No. 10-80385-CIV-ZLOCH/GOODMAN, 2010 U.S. Dist. LEXIS 122969, at *4 (S.D. Fla. Sept. 2, 2010) (quoting *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997)). This is because Rule 56 "presumes that a party opposing summary

judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." *Rodgers v. Global Prophets, Inc.*, No. 09-80753-CIV-DIMITROULEAS/SNOW, 2009 U.S. Dist. LEXIS 100605, at *3 (S.D. Fla. Aug. 17, 2009) (quoting *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1287–88 (S.D. Fla. 2005)).

In truth, this Court has found summary judgment to be premature in very similar circumstances. In *Rodgers*, the defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment, to challenge plaintiff's FLSA claim, arguing that plaintiff's complaint failed to properly allege the $500,000 statutory minimum to establish enterprise coverage. *See id.* at *1–2. Additionally, the defendants attached a tax return to their motion as support. Deciding to treat the motion as a motion for summary judgment, the Court held that "[w]ithout the completion, or at least a significant undertaking, of discovery, summary judgment would not be appropriate at this stage of the litigation." *Id.* at *2.

For similar reasons, the Court holds that summary judgment would be inappropriate at this time where neither party has had a substantial opportunity to conduct sufficient discovery. Indeed, both parties have requested that the Court set a discovery period, though Defendants have specifically asked that the Court provide a sixty-day period of discovery limited in scope to the issue of subject matter jurisdiction alone. As it is within the Court's discretion to limit the scope of discovery, *see* Fed. R. Civ. P. 26(b), the Court will allow full discovery on all issues to avoid

piecemeal litigation in this case. Therefore, the Court denies Defendants' motion for summary judgment as well as their request to limit the scope of discovery.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendants' Motion for Summary Judgment is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record